United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40165
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MIGUEL ANGEL-CRUZ, also known as Jorge Miguel Angel Cruz-
Benitez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-822-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Miguel Angel-Cruz (Angel) appeals the 37-month prison

term imposed following his guilty-plea conviction of being

illegally present in the United States following deportation, in

violation of 8 U.S.C. § 1326(a) and (b).  Angel argues that his

prior Florida offenses of aggravated battery and aggravated

assault are not crimes of violence and therefore the district

court erred when it enhanced his offense level under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).  He also argues that the felony and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony provisions of § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court decisions.

In United States v. Dominguez, 479 F.3d 345, 347-49 (5th Cir. 2007), this court considered and rejected arguments similar to those presented by Angel regarding his aggravated battery conviction. As in Dominguez, 479 F.3d at 348-49, Angel's aggravated battery conviction is a crime of violence because it had as an element at least a threatened use of force. The district court therefore did not err when it increased Angel's offense level 16-levels pursuant to § 2L1.2(b)(1)(A)(ii). As the district court properly determined that Angel's aggravated battery conviction is a crime of violence, we need not consider whether Angel's aggravated assault conviction is a crime of violence.

Angel's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Angel contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Angel properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.